# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PHILLIP O'BRIANT      *

Plaintiff      *

v      *      Civil Action No. JFM-17-1050

ROSEMARIE RHODES, Director,      *
CAROL M. GLACE, Investigator,
MONICA JACKSON, Agency Official,      *

Defendants      *

## MEMORANDUM

### Background

The basis of the instant civil rights action filed by Maryland resident Phillip O'Briant is best understood in the context of an earlier lawsuit brought in this court, *O'Briant v. Atlas Container Corp.*, Civil Action No. JFM-16-2616 (D. Md.). On July 19, 2016, O'Briant, a resident of Baltimore, Maryland, filed a fee-paid self-represented complaint against his former employer. In that complaint, captioned as a claim for damages based on employment discrimination, O'Briant demonstrated that he prevailed before the Maryland Department of Labor after applying for unemployment benefits based on wrongful termination. *Id.*, ECF 1.[1] O'Briant was ordered to file an amended complaint indicating the steps taken to complete administrative proceedings before the Equal Employment Opportunity Commission (EEOC) or the Maryland Human Relations Commission ("HRC"), a prerequisite to filing in federal court, and to indicate the basis for his discrimination claim (for example, whether he was suing for employment discrimination on the basis of race, color, religion, sex, national origin, age, or disability). ECF 2.

O'Briant complied, indicating he sought declaratory and injunctive relief, back pay,

---

[1] This opinion references the docket numbers assigned by the court's electronic docketing system.

"front pay," compensatory and punitive damages, based on racial discrimination and "illegal retaliation." ECF 3. O'Briant noted that his application for Maryland unemployment benefits initially was rejected based on his former employer's statement that he was fired for gross misconduct. On appeal of the denial of unemployment benefits, O'Briant argued that he was provided no warning or disciplinary action prior to the February 1, 2016 incident that led to termination, and that he was subjected to cursing on the job. His employer did not submit documentary evidence and failed to attend the appeal hearing, and O'Briant was awarded unemployment benefits on appeal. *Id.*

In his amended complaint, O'Briant also admitted he did not file a Title VII claim with the EEOC, a prerequisite to filing an action in federal court. *Id.* Because O'Briant had sufficient time to file an EEOC claim, his complaint was dismissed without prejudice on September 7, 2016. ECF 4.

### Claim Presently Before this Court

In the instant complaint, O'Briant documents that following the September 7, 2016 dismissal, he promptly filed an EEOC complaint against his former employer. ECF 1 at p. 10; ECF 1-4. O'Briant alleges that when he called to inquire about the status of the EEOC matter on September 28, 2016, he was treated with hostility by Monica Jackson. ECF 1 at p. 10. He notes that his EEOC complaint was dismissed the same day, on the basis that the investigation could not conclude that federal employment statutes were violated. ECF 1-4 at p. 1. Carol M. Glace was the investigator, and Rosemarie Rhodes signed the formal dismissal terminating the EEOC claim. *Id.*

The September 28, 2016 dismissal contained a written Notice of Suit Rights informing O'Briant that he had 90 days to file a federal lawsuit based on his claim of race-based

2

employment discrimination. ECF 1-4 at p. 1. O'Briant did not pursue his employment discrimination claim against his former employer in this court. Instead, he expressed his dissatisfaction with the outcome of his EEOC complaint and actions of agency employees with whom he interacted in an October 6, 2016, email directed to Jackson. ECF 1-4 at p. 2. On October 11 and 26, 2016, O'Briant requested "any and all information regarding the investigation," but was ignored. ECF 1-5, ECF 1-6. After receiving no response, he emailed Jackson and Glace on December 15, complaining that they had denied him an "equal opportunity to exercise my rights in the complaint process" and that that Jackson acted improperly during the September 28, 2016 phone call. ECF 1 at p. 10; ECF 1-5 to ECF 1-7.

On December 16, 2016, O'Briant received an email from Glace confirming his request for reconsideration regarding the charge and noting that the reconsideration did not stop the 90-day deadline for filing a federal lawsuit. ECF 1-8. Despite this second notice concerning the federal filing deadline, O'Briant did not bring an employment discrimination lawsuit in this court. Reconsideration of the EEOC findings was denied in a December 22, 2016, letter from Rhodes. ECF 1-9.

O'Briant now complains that Rhodes "intentionally disregarded my request to appeal the dismissal of my complaint and showed no respect for the law by ignoring the court order by a federal judge."[2] ECF 1 at p. 10. He states that Glace failed to investigate his complaint and none of the named defendants informed him of his rights and responsibilities in the EEOC process, thereby depriving him of "life and liberty, without due process of law and the equal protection of the laws" under the Fourteenth Amendment. *Id.* O'Briant seeks declaratory judgment that his due process rights were intentionally violated; a permanent injunction against defendants

---

[2] O'Briant misconstrues this court's September 7, 2016 order in his first lawsuit. The court directed that he, O'Briant, file an EEOC complaint. Nothing in that order directed that the EEOC make findings in O'Briant's favor after completing its investigation.

3

prohibiting unequal practices against aggrieved persons in the EEOC complaint process; an order requiring defendants to inform aggrieved persons of their rights in the beginning of the EEOC complaint process, when there is reason to believe a violation of the law was committed; an order requiring defendants to initiate and implement systems to ensure that black employees, male or female, be treated in a non-discriminatory manner; and compensatory and punitive damages in an amount not less than $75,000.00. *Id.* at p. 11.

## Standard of Review

O'Briant seeks leave to proceed in forma pauperis. ECF 2. Under 28 U.S.C. § 1915(a)(1), an indigent litigant may commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, A[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally.@ *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). The court

4

will grant O'Briant's motion for in forma pauperis status. Nonetheless, his complaint cannot proceed.

## Analysis

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A court is to presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Title VII of the Civil Rights Act of 1964 does not confer federal jurisdiction over suits against the EEOC when the plaintiff alleges discrimination by third parties. *See* 42 U.S.C. §§ 2000e-2000e-17 (2012); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997) (Title VII does not rise to a cause of action against the EEOC "for claims that the EEOC failed to properly investigate or process an employment discrimination charge"). Thus, Title VII does not provide this court with jurisdiction over O'Briant's claims.

O'Briant couches his civil rights allegations against defendants as due process and equal protection violations. Such violations arise under the Fifth and Fourteenth Amendments to the United States Constitution. While this court may have jurisdiction to hear such claims, due process does not furnish a basis for these allegations. *See Mitchell v. Equal Emp't Opportunity Comm'n*, 888 F.Supp. 710, 711-13 (E.D. Pa. 1995). "An agency's less than useful attempts to bestow a benefit provided by Congress" does not arise to a violation of due process under the Fifth or Fourteenth Amendments. *See Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 17 (1st Cir.

1979) (disposing of a complaint against the EEOC on a Rule 12(b)(6) motion). Because an EEOC determination is appealable to the U.S. District Court, a plaintiff whose claim the EEOC denied still has a vital federal remedy. *See Georator Corp. v. Equal Emp't Opportunity Comm'n*, 592 F.2d 765, 769 (4th Cir. 1979) ("When the preliminary determination is without legal effect in and of itself, due process will be satisfied if there is an opportunity to be heard before any final order of the agency becomes effective."); *Connor v. U.S. Equal Emp't Opportunity Comm'n*, 736 F.Supp. 570, 573 (D. N.J. 1990) (same); *Mitchell*, 888 F.Supp. at 713 (same). Thus, an EEOC denial cannot amount to a deprivation of due process, and a complaint characterized as such fails to state a claim.

Further, O'Briant does not allege that the EEOC treated his claim differently than similarly situated individuals in violation of his right to equal protection. *See Mitchell*, 888 F.Supp. at 713 (dismissing equal protection claim where plaintiff failed to allege that EEOC treated his claim any differently than it treats those of other similarly situated complainants) (citation omitted). Thus, O'Briant has failed to state a claim upon which relief can be granted.

To the extent that O'Briant sues defendants in their individual capacities, his allegations against defendants typically would require a *Bivens*[3] analysis. This analysis is not needed here, as O'Briant's complaint does not allege actionable constitutional violations and is subject to summary dismissal.

A separate order shall be entered in accordance with this opinion.

7/29/14
Date

J. Frederick Motz
United States District Judge

---

[3] *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).